# UNITED STATES COURT OF APPEALS

## FOR THE FOURTH CIRCUIT

MARC S. SMITH,

    *Plaintiff-Appellant,*

v.  No. 00-1678

ALLIED SYSTEMS,

    *Defendant-Appellee.*

Appeal from the United States District Court
for the District of Maryland, at Baltimore.
Catherine C. Blake, District Judge.
(CA-99-224-CCB)

Submitted: September 26, 2000

Decided: October 23, 2000

Before LUTTIG and KING, Circuit Judges, and
HAMILTON, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Marc S. Smith, Appellant Pro Se. Gary Bruce Eidelman, SAUL, EWING, WEINBERG & GREEN, Baltimore, Maryland; James Cletus McGinty, ALSTON & BIRD, Atlanta, Georgia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

## OPINION

PER CURIAM:

Marc S. Smith, an African-American male, filed suit against his former employer, Allied Systems, Inc., alleging racial discrimination, harassment, and retaliation in violation of Title VII of the Civil Right Act, and racial discrimination under 42 U.S.C. §§ 1981, 1982, & 1985 (1994). The court granted Allied's motion for summary judgment and dismissed the action. Smith appeals that order and claims the district court improperly limited discovery. We affirm.

On appeal, Smith alleges the district court improperly granted summary judgment on his racial discrimination, retaliation, and harassment claims. We review a grant of summary judgment de novo. *See Higgins v. E.I. DuPont de Nemours & Co.*, 863 F.2d 1162, 1167 (4th Cir. 1988). Summary judgment is appropriate only if there are no material facts in dispute and the moving party is entitled to judgment as a matter of law. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). We must view the evidence in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

We have carefully reviewed the record in light of this standard and find no reversible error in the district court's thorough opinion. Accordingly, we affirm the grant of summary judgment substantially on the reasoning of the district court.* *See Smith v. Allied Systems, Inc.*, CCB-99-224 (D. Md. May 8, 2000).

We further find the district court did not abuse its discretion in limiting discovery in this case to those records and documents relevant

---

*We note the district court, in analyzing Smith's Title VII claim of racial discrimination, applied the "pretext plus" standard that was recently rejected by the United States Supreme Court. *See Reeves v. Sanderson Plumbing Prods. Inc.*, 120 S.Ct. 2097 (2000). For purposes of Smith's claim, however, application of this standard by the district court has no effect on the outcome of his case. As the district court correctly determined, Smith failed to establish a prima facie case of discrimination based upon race.

to Smith's individual claims of discrimination. *See Martin v. Deiriggi*, 985 F.2d 129, 137 (4th Cir. 1992).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*